I concur in the majority's analysis and disposition of appellant's first assignment of error. However, I respectfully dissent from the majority's disposition of appellant's second assignment of error. Although I agree with the majority's analysis and determination appellant voluntarily and knowingly consented to Officer Allen's search, the majority disregards appellant's arguments regarding the illegality of the initial seizure of appellant. Appellant's Brief at 10-11, and Motion to Suppress filed December 16, 1999. The trial court found," . . . Officer Allen had a reasonable and articulable suspicion that the juvenile was possibly truant, such that an investigative stop of the defendant and the juvenile was warranted. Specifically, Officer Allen observed the defendant and an [sic] the juvenile standing on the corner of 6th and Shorb (which is a known drug area), at 9:30 a.m., on a school day. These facts taken together justified an investigative stop of the defendant and juvenile." December 29, 1999 Judgment Entry at 3. While I agree such circumstances justify an investigatory stop of the juvenile, they do not justify an investigatory stop of the appellant. Appellant's presence in a "known drug area," standing alone, is insufficient to warrant an investigatory stop. Appellee offered no other evidence which would suggest any illegal drug activity. Appellee argues, ". . . the trial court ruled that Officer Allen had reasonable suspicion to believe that appellant was associating (and aiding and abetting) a probable truant." Appellee's Brief at 14. Based upon all the circumstances, appellee contends the officer had reasonable suspicion to investigate the suspected truant juvenile and his adult "cohort." Id. I find appellee's suggestion there was reason to believe appellant was aiding and abetting a "probable" truant merely because he was seen standing on the same street corner as the juvenile at 9:30 a.m. on a school day, to be unpersuasive. Although the officer may have been justified in questioning appellant, there did not exist reasonable grounds to justify the officer's seizure of appellant. Neither of the aforementioned circumstances, standing alone, are sufficient to justify appellant's seizure. This insufficiency is not overcome by the attempt to couple them because they are independent of each other and relate to completely separate and distinct possible criminal activities. The existence of one has no bearing on nor synergistic effect on the other. The seizure of appellant was illegal. The ensuing search, whether voluntary or not, was a result of the illegal seizure. Accordingly, I would sustain appellant's second assignment of error, reverse appellant's conviction and remand the matter to the trial court for further proceedings according to law.
JUDGE WILLIAM B. HOFFMAN